NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BONNIE M. JAHANGIRI, | No. 15-35288 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-01577-AC |
| v. | |
| PETSMART, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Submitted February 28, 2018**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Bonnie Jahangiri appeals pro se from the district court's judgment after a jury trial in her diversity action against PetSmart, Inc., awarding her damages on her negligence claim but finding her 45 percent at fault. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The district court erred in refusing to compel PetSmart to provide, if it could do so without undue burden, the names of other customers who were present at around the time of the accident and who may have been able to corroborate Jahangiri's version of the event. However, Jahangiri has not shown that she was prejudiced by this ruling inasmuch as her testimony about how the accident happened, and that of PetSmart's witness, did not differ in any way that mattered to the outcome. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (holding that party seeking discovery must show that denial resulted in prejudice).

The district court properly excluded special damages evidence pursuant to Federal Rule of Civil Procedure 16(f)(1)(C) on the ground that the evidence was late-filed and disorganized. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (affirming exclusion of untimely-identified expert testimony at summary judgment); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (holding that violations of a scheduling order may result in sanctions, including dismissal).

The district court also did not abuse its discretion in responding to a jury question regarding lost wages damages. *See Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir. 2015); *C.B. v. City of Sonora*, 769 F.3d 1005, 1020 (9th Cir. 2014).

**AFFIRMED.**